## W. Madden *v*. The State.

1. Theft by False Pretense.—The obtaining of a parcel from a carrier's servant by falsely pretending to be the owner of it is theft, if done with intent to deprive the owner of the same and to appropriate it to the use of the taker.

2. New Trials in Felonies.—After a conviction for theft, the leading counsel of accused filed his affidavit that he had been necessarily absent from the trial of his client, who, in consequence, had not been defended successfully and as he might be; wherefore a new trial was prayed. *Held*, that the new trial was properly refused. Article 672 of the Code of Criminal Procedure prescribes the only causes for which new trials are allowable in felony cases. Pasc. Dig., Art. 3137.

Appeal from the Criminal District Court of Harris county. Tried below before the Hon. Gustave Cook.

The opinion of the court states the material facts.

No brief for the appellant.

*H. H. Boone*, Attorney General, for the State.

White, J. The appellant was indicted for theft of goods obtained by him under the false pretext that they were his own. He was tried and found guilty, and his punishment assessed at two years in the penitentiary. His motions for

a new trial and in arrest of judgment having been over-
ruled, he appeals to this court.

The facts may be briefly stated thus: One Mahoney
ordered a box of wine and case of cigars to be shipped
him from Galveston, per the Direct Navigation Company,.
to Houston. The goods were sent as ordered. Upon arrival
at Houston they were turned over to Campbell, an owner
of drays, for hauling and delivery to Mahoney. The driver
of Campbell's dray, upon which the goods were placed, who·
could neither read nor write, carried the goods, through mis-
take, to the place of business of appellant, instead of to,
Mahoney. When the driver put the case of cigars and box
of wine down at defendant Madden's, Madden told him to
turn the boxes up so he could see the mark, which was·
done, and Madden said they were his, and took them and
paid the drayage upon them. The goods failing to come to.
hand as he had ordered, Mahoney instituted inquiries which·
led to the ascertainment of the above facts. Campbell
went to see Madden about it, and he acknowledged that he
had received the articles, and promised to go down to the·
Navigation Company and arrange the matter with them..
He did not go, and when Campbell went to see him again
he said he had no money, and that he (Campbell) could not
help himself.

On the trial there was no objection raised to the charge
of the court, nor were any additional instructions asked for·
defendant. The errors complained of in the motions for a
new trial and in arrest of judgment were: 1st, the verdict
was contrary to the law and the evidence; and, 2d, the·
indictment was insufficient to support the verdict and judg-
ment. Neither of these grounds of error appear to us to
be well taken and tenable.

The only question, we apprehend, which could have been
really raised in the case was whether·the offense committed·
by defendant was or was not theft; and this question

seems to have been long settled by the authorities. Mr. Bishop says: "So the getting of a parcel from a carrier's servant by falsely pretending to be the person to whom it is directed is larceny, if taken with the intent to steal, because the servant has no right to part with it except to the right person." Bishop on Cr. Law, 2d vol., sec. 827; *Rex v. Longstreeth*, 1 Moody, 237. Or obtaining goods through delivery of them by a carrier's servant, through mistake, to a wrong person, who appropriated them *animo furandi*, is theft. *Regina v. Little*, 10 Cox C. C. 559, 2 Russell on Cr. 211–215. See, also, a very thorough and able discussion of the subject in *Regina v. Middleton*, 12 Cox C. C. 417, which case may also be found reported in 1 Green's Cr. Rep. 4.

In this case the leading counsel filed an affidavit in support of the motion for a new trial upon the ground that he was unavoidably absent at the trial. Our statute sets out nine grounds for new trial in felony cases, and expressly provides that a new trial will be granted for no other. Pasc. Dig., Art. 3137. The affidavit did not come within the purview of any of the grounds therein enumerated. We have been unable to perceive any error in the proceedings in the lower court, and the judgment is, therefore, affirmed.

*Affirmed.*